UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JASON DALEY,

                Petitioner,

      -against-

WILLIAM LEE,

               Respondent.

-------------------------------------------------------------------X

**ORDER**

**10-CV-6065 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On December 30, 2010, Petitioner Jason Daley ("Daley"), *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2006 convictions in Kings County, New York for rape, robbery, and sodomy. The court has conducted an initial consideration of Daley's petition and, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, has determined that Daley's petition may be time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The court directs Daley to submit an affirmation, within sixty days of the entry of this Order, explaining why his petition should not be dismissed as time-barred. If Daley fails to file such an affirmation within sixty days of this Order, his petition will be dismissed as time-barred.

## I.    BACKGROUND

Daley's petition alleges that he was convicted on May 15, 2006 in New York Supreme Court, Kings County, for rape, robbery, and two counts of sodomy, all in the first degree. (Pet. (Docket Entry # 1) ¶ 5.) The Appellate Division, Second Department, affirmed Daley's conviction on April 22, 2008. People v. Daley, 855 N.Y.S.2d 678 (2d Dep't 2008). On September 10, 2008, the New York Court of Appeals denied Daley leave to appeal. People v. Daley, 11 N.Y.3d 787 (2008). Daley's conviction became final on December 9, 2008, ninety

days after the Court of Appeals denied him leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). On November 4, 2009, Daley filed a post-conviction motion with the trial court claiming ineffective assistance of counsel and prosecutorial misconduct. (Pet. ¶¶ 12(a), 13.) That motion was denied on June 1, 2010. (Id.) It is unclear whether Daley sought leave to appeal the denial of his post-conviction motion.

## II.    DISCUSSION

AEDPA places a one-year limitation on petitions for writs of habeas corpus, running from the date on which the petitioner's state court conviction became final. 28 U.S.C. § 2244(d); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). In calculating this limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Post-conviction motions do not start anew the one-year limitations period but are simply excluded from the calculation. See Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000).

In "rare and exceptional circumstances," the court may equitably toll this limitations period. Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). For equitable tolling to apply, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing [of his petition.]" Holland v. Florida, 130 S. Ct. 2569, 2562 (2010). To demonstrate this, the petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). This demonstration "cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

Here, Daley's conviction became final on December 9, 2008. AEDPA's statute of limitations ran, therefore, from this date until Daley filed his post-conviction motion with the New York Supreme Court on November 4, 2009, a total of 330 days. Once that motion was denied on June 1, 2010, the statue of limitations continued to run until Daley filed his petition for a writ of habeas corpus on December 30, 2010, another 212 days. The limitations period has therefore run for 542 days, more than AEDPA's one-year limitations period.

While there is nothing in Daley's petition that suggests that he is entitled to equitable tolling of AEDPA's limitations period, the court directs Daley to file an affirmation, within sixty days from the date of this Order, explaining why his petition should not be barred. See Day v. McDonough, 547 U.S. 198, 210 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-125 (2d Cir. 2000)). Daley should include any facts that would support the tolling of the statute of limitations, including any additional post-conviction motions that he filed, the dates that such motions were filed and decided, and the dates of any appeals related to those post-conviction motions. Moreover, if Daley has any other basis to equitably toll the limitations period, he should state them in his affirmation. No response from Respondent is necessary at this time, and the court will stay proceedings until Daley files his affirmation. If Daley fails to file an affirmation within the time allowed, his petition will be dismissed as time-barred. See 28 U.S.C. § 2244(d).

## III. CONCLUSION

For the reasons discussed above, the court directs Daley to file an affirmation, within sixty days of the date of this Order, explaining why the statute of limitations should be equitably tolled. Failure to comply with this Order will result in the court dismissing Daley's petition.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      January __11__, 2011

NICHOLAS G. GARAUFIS
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JASON DALEY,                                                    **PETITIONER'S AFFIRMATION**

                              Petitioner,                       **10-CV-6065 (NGG)**

        -against-

WILLIAM LEE,

                              Respondent.

-------------------------------------------------------------------X

        I, JASON DALEY, affirm under penalty of perjury as follows:

        I am the petitioner in this action and I respectfully submit this affirmation in response to

the court's order dated January 11, 2011. My petition should not be time-barred by the one-year

statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Name

_____
Address

_____
City, State, Zip Code