D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JASON DALEY,

                            Petitioner,

            -against-

WILLIAM A. LEE, Superintendent of Green Haven
Correctional Facility,

                            Respondent.

--------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-6065 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Jason Daley brings this pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.

§ 2254, attacking his state convictions in 2006 for rape, sodomy, and robbery. He asserts two

claims: (1) that he was prejudiced by certain remarks the prosecutor made at his trial; and (2) that

he received ineffective assistance of counsel because his attorney failed to object to some of the

prosecutor's summation remarks, and failed to advise Daley on whether he should accept a plea

offer. For the reasons set forth below, Daley's Petition is DENIED.

## I.      BACKGROUND

### A.      Trial Court Proceedings

After being identified by DNA evidence and by the victim in a lineup, Jason Daley was

charged in New York Supreme Court, Kings County, with one count of first-degree rape, two

counts of first-degree sodomy, four counts of first-degree sexual abuse, one count of first-degree

robbery, one count of third-degree robbery, and one count of petit larceny. (See Def. App. Div.

Br. (Ex. B to Mem. in Opp'n to the Pet. for a Writ of Habeas Corpus (Docket Entry # 7-1)

(hereinafter "Resp't. Mem.") at 3; Aff. of Lori Glachman in Opp'n to Pet. for Writ of Habeas Corpus (Docket Entry # 7) (hereinafter "Glachman Aff.") ¶ 5.)

The proceedings that followed included multiple discussions concerning a plea offer. In November 2005, a pre-trial hearing was held, pursuant to Wade v. United States, 388 U.S. 218, 87 (1967), to determine whether Daley's identification in the lineup was tainted by unduly suggestive identification procedures. (See Wade Hr'g. Tr. (Ex. A to Resp't. Mem.) at 4.) At the Wade hearing, the court queried the prosecutor about the availability of a plea offer. (Id.) When the prosecutor confirmed that the only offer available was for "max time," proceedings continued. (Id.) The subject of a plea offer arose again at the beginning of the trial, which commenced in March 2006. (See Trial Tr. (Ex. A to Resp't. Mem.) at 1.) Defense counsel explained that, prior to trial, he had received and communicated to Daley the possibility of an offer ranging from ten to fourteen years, and that Daley had been "willing to accept ten years." (Id. at 7.) However, when this offer was later discussed in open court, the trial judge stated that the terms had changed, that "ten years was unacceptable" to the District Attorney, and that the judge's recommendation for a plea offer would be between fifteen and twenty years. (Id. at 8.) The defendant declined that offer, and trial proceedings continued. (Id.)

On April 5, 2006, the jury convicted Daley of all counts submitted to it: one count of first-degree rape, two counts of first-degree sodomy, and one count of first-degree robbery. (Id. at 470; Glachman Aff. ¶ 56.) On May 15, 2006, the court sentenced Daley to concurrent prison terms of twenty-two years each for the rape, robbery, and sodomy convictions. (Sentencing Tr. of May 15, 2006 (Ex. A to Resp't. Mem.) at 4-5.)

**B.     Direct Appeal**

2

On May 15, 2006, Daley perfected an appeal of his judgment of conviction to the New York Supreme Court Appellate Division, Second Department ("Appellate Division"). (Glachman Aff. ¶ 11.) Daley argued that (1) four remarks the prosecutor made during summation amounted to prosecutorial misconduct, violating his right to a fair trial, and that (2) his right to effective assistance of counsel was violated because his attorney did not contemporaneously object to three of these remarks, thereby failing to preserve them for appellate review. (Def. App. Div. Br. at 16, 25.)

On April 22, 2008, the Appellate Division affirmed Daley's judgment of conviction. See People v. Daley, 50 A.D.3d, 1051 (2008). The decision made no mention of Daley's ineffective assistance of counsel claim. Id. With respect to his prosecutorial misconduct claim, the court held that three of the four challenged remarks were "unpreserved for appellate review," and "[i]n any event, to the extent that any of the remarks were improper, any error was harmless." Id. Daley's challenge to the one remark that had been preserved for appellate review "[did] not warrant reversal, since the trial court's actions in response to the challenged remark were sufficient to avert any substantial prejudice to the defendant." Id.

Daley sought leave to appeal to the New York Court of Appeals on his ineffective assistance of counsel claim and "all aspects raised in his brief in the Appellate Division." (See Def. App. Br. (Ex. D to Resp't. Mem.) at 3). The Court of Appeals denied his application. See People v. Daley, 11 N.Y.3d 787 (2008).

### C.  Motion to Vacate Judgment

In November 2009, Daley moved in New York Supreme Court, Kings County, to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. (Def. Mot. to Vacate J. (Ex. F to Resp't. Mem.).) He argued that he had received ineffective assistance of

3

counsel because his counsel failed to advise him whether he should have accepted the plea offer presented to him.[1] (Def. Mem. of Law in Supp. of C.P.L. § 440.10 Mot. (Ex. F to Resp't. Mem.).)

On May 26, 2010, the court denied Daley's motion on the merits, finding that Daley's contention was "contradicted by the record, which shows that counsel discussed the first plea offer with the defendant and that the defendant personally refused" the second offer. (N.Y. Sup. Ct. Decision & Order of May 26, 2010 (Ex. I to Resp't. Mem.) at 1-2.) Daley was denied leave to appeal this decision to the Appellate Division. (N.Y. App. Div. Decision & Order on Appl. (Ex. L to Resp't. Mem.).)

### D. Petition for Writ of Habeas Corpus

On December 30, 2010, Daley submitted the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Docket Entry # 1.) He asserts two claims: (1) that he was prejudiced by certain remarks the prosecutor made at his trial; and (2) that he received ineffective assistance of counsel because his attorney failed to object to some of the prosecutor's remarks, and failed to provide advice on whether Daley should accept a plea offer. (Pet. for Writ of Habeas Corpus (Docket Entry # 1).) Respondent submitted a memorandum of law in opposition to the Petition (Resp't. Mem.) and Daley replied (Pet. Reply (Docket Entry # 13)).

## II. HABEAS CORPUS LEGAL STANDARDS

Under 28 U.S.C. § 2254(a), a district court is empowered to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A person in custody pursuant to a judgment of a state court must generally meet

---

[1]    Daley also raised another, unrelated ineffective assistance of counsel argument in his C.P.L. § 440.10 Motion, but does not raise that argument in his petition for habeas relief. (See Def. Mot. to Vacate J.)

4

three requirements to obtain habeas relief: (1) exhaustion; (2) lack of a procedural bar; and (3) overcoming the deferential standard of review federal courts must give to state courts' decisions in habeas cases.

## A.    Exhaustion

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is not satisfied unless the federal claim has been fairly presented to the state courts," meaning that the petitioner "informed the state court of both the factual and the legal premises of the claim he asserts." Daye v. Att'y Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc) (internal quotation marks omitted).

"A petitioner is not required to cite 'book and verse on the federal constitution' in order for a claim to be 'fairly presented.'" Allison v. Khahaifa, No. 10-CV-3453 (KAM), 2011 WL 3298876, at *6 (E.D.N.Y Aug. 1, 2011) (quoting Picard v. Connor, 404 U.S. 270, 275, 278 (1971)). "Instead, exhaustion may be satisfied where the legal basis of a claim made in state court is the 'substantial equivalent' of the habeas claim." Id. (quoting Picard, 404 U.S. at 278). "This means, in essence, that in state court the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." Daye, 696 F.2d at 192. Thus, even if a petitioner does not cite any federal constitutional provisions, he may fairly present his federal claim to the state court through:

(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call in mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

5

Id. at 194.

Notably, every claim that a petitioner makes in his § 2254 application must first have been raised in state court in order for the petition to be considered exhausted. This "total exhaustion" rule requires that "a district court [ ] dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 513, 522 (1982). But there is an important exception to the total exhaustion rule—created by a 1996 amendment to AEDPA—whereby a district court may deny an entire habeas petition on the merits notwithstanding a petitioner's failure to exhaust some or all of his claims. See 28 U.S.C. § 2254(b)(2). In other words, a court may deny but not grant "mixed petitions" on the merits. Caswell v. Racetti, No. 11-CV-0153 (MAT), 2012 WL 1029457, at *4 (W.D.N.Y. Mar. 26, 2012) (citing Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001)).

**B.     Procedural Bar**

"It is well established that federal courts will not review questions of federal law presented in a habeas petition application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." Cone v. Bell, 556 U.S. 449, 465 (2009) (internal quotation marks omitted). "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."[2] Id.

"[T]he adequacy of state procedural bars to the assertion of federal questions is not within the State's prerogative finally to decide; rather, adequacy is itself a federal question." Id.

---

[2]     As an exception, a court may consider a procedurally barred claim on the merits if the prisoner demonstrates: (1) "cause" for failing to comply with the state procedural rule; and (2) "prejudice" from the procedural bar. Wainwright v. Sykes, 433 U.S. 72, 92 (1977).

6

(internal quotation marks and alteration omitted). Thus, courts "have an independent duty to scrutinize the application of state rules that bar [its] review of federal claims." Id. at 468.

The concepts of procedural bar and exhaustion often interact in an important way. If a § 2254 petitioner has failed to present a claim to a state court but *can no longer do so*—for example, if the time to file a state-court appeal has passed—then that claim is considered procedurally barred rather than unexhausted. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (holding that petitioner's "failure to present three of his federal habeas claims to the Illinois Supreme Court [ ] resulted in a procedural default of those claims"); Lloyd v. Walker, 771 F. Supp. 570, 574 (E.D.N.Y. 1991) (noting that "[w]hen a petitioner has not properly presented his claim to a state for consideration on the merits, but it is clear that the state court would hold the claim procedurally barred, . . . the exhaustion requirement is satisfied" but the petitioner is barred "from litigating the merits of th[at] claim[] in federal habeas proceedings"). A court's conclusion that a claim is procedurally defaulted rather than exhausted permits the petitioner to avoid the harsh effects of the "total exhaustion" rule discussed above—that is, if a claim has not been presented to the state court but can no longer be brought in state court, the court may consider the petitioner's remaining claims on the merits so long as those claims have been exhausted. See Turner, 262 F.3d at 122-23.

## C.    AEDPA Deference

Where a state court does reach the merits of a claim asserted in a § 2254 habeas petition, the state's decision is reviewed under the deferential standard set forth in AEDPA. AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or

7

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d); see also Ryan v. Miller, 303 F.3d 231, 245 (2d Cir. 2002).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." Ryan, 303 F.3d at 245 (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

Under AEDPA, "a determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**III.    DISCUSSION**

8

## A.    Prosecutorial Misconduct

Daley claims that certain remarks the prosecutor made during summation at his trial amounted to prosecutorial misconduct, and that he was prejudiced by these remarks.[3] The Appellate Division rejected this claim on the merits. See Daley, 50 A.D.3d at 1051. The claim is procedurally defaulted because Daley did not fairly present it in his appeal to the Court of Appeals. (See Def. App. Br. at 2-5.) Daley has not demonstrated cause for his default to allow federal habeas review of this claim, so his claim is denied.

### 1.    Exhaustion

Respondent correctly argues that Daley failed to exhaust his prosecutorial misconduct claim in state court. (Resp't. Mem. at 2.) A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b)(1). A habeas petitioner will not be deemed to have satisfied this requirement unless he has presented his federal constitutional claim to the highest court in the state. See O'Sullivan v. Boerckel, 526 U.S. 838, 848-49, (1999); Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir.2001); see also Strogov v. Attorney Gen. of N.Y., 191 F.3d 188, 191 (2d Cir.1999) ("A federal constitutional claim has not been fairly presented to the State courts unless the petitioner has informed those courts of all of the essential factual allegations and essentially the same legal doctrine he asserts in his federal petition.") (internal quotation marks and citation omitted). Daley did not fairly present his claim

---

[3]    This claim is based on four remarks from the prosecutor's summation: (1) "[t]ell Jason Daley what he did was wrong, what he did was awful;" (2) an assertion that Daley "[h]ad to say that it's consent" since DNA evidence linked him to the crime, implying that no other defense was available; (3) an explanation that the victim had vomited because "what happened to her…made her sick," in an alleged attempt to win the jury's sympathy, and (4) an argument of facts not in evidence when the prosecutor said that the victim had used a rag to wipe semen from her shirt, attempting to explain why stains on the victim's shirt did not generate a DNA profile while DNA was found elsewhere on her clothing. (See Def. App. Div. Br. at 16-21.) Daley's defense counsel contemporaneously objected to only the first remark. (See Tr. at 425.)

of prosecutorial misconduct to the New York Court of Appeals, instead raising only his ineffective assistance of counsel claim.[4]  (See Def. App. Br. at 2-5.)

Although Daley has not exhausted his prosecutorial misconduct claim, it will be deemed exhausted for the purposes of federal habeas review because it is procedurally defaulted.  Where the petitioner "no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b)," Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), the habeas court will deem the claim to be exhausted, rather than requiring the petitioner to go through the futile process of seeking further state review.  Id.  Daley can no longer obtain review of his claim by the New York Court of Appeals, as New York limits criminal defendants to only one application.  See N.Y. Comp. Codes R. & Regs., tit. 22, § 500.20(d).  Daley is also barred from seeking collateral review in state court because his argument could have been raised on direct appeal.  See N.Y.Crim. Pro. Law § 440.10(2)(c).  Because Daley's prosecutorial misconduct claim is procedurally defaulted, it is deemed exhausted for the purposes of federal habeas review.  See Perez v. Greiner, 296 F.3d 123, 124 n. 2 (2d Cir.2002).  However, this procedural default also prevents federal habeas review of the merits of his claim, as the court discusses below.

2.    Procedural Bar

Habeas review of a procedurally defaulted claim is available only where a petitioner can show either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of

---

[4]        Daley raised his prosecutorial misconduct claim on direct appeal to the Appellate Division, and attached his appellate brief to his application for leave to appeal to the New York Court of Appeals. (See Def. App. Br. at 3; Def. App. Div. Br.) Daley's application to the New York Court of Appeals references this claim only indirectly, in a single sentence near the end of his application: "Appellant seeks leave to appeal on all aspects raised in his brief in the Appellate Division, including the federal constitutional claims." (Id.) This cursory mention of the claim was not a fair presentation as required for exhaustion. See Jordan v. Lefevre, 206 F.3d 196, 199 (2d Cir.2000) (petitioner must "explicitly alert[ ] the state court to each claim raised ....") (citing Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991)); Mendez v. Artuz, No. 98 Civ. 2652 (LMM), 2000 WL 722613, at *24 (S.D.N.Y. June 6, 2000) (holding that a reference to petitioner's First Department briefs was "not sufficient to have exhausted the claims in the New York Court of Appeals.").

justice." Coleman v. Thompson, 501 U.S. 722, 750, (1991); accord Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). To make the latter showing, a petitioner must establish that he is "actually innocent." Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001). Daley makes no argument of actual innocence, and so the court considers only whether he has shown cause and prejudice.

Appellate counsel's errors can establish cause for a procedural default only if the petitioner can show that those errors amounted to constitutionally ineffective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default."). The Supreme Court has made clear that such a claim must also be raised state court prior to federal habeas review:

> "[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim. And we held in Carrier that the principles of comity and federalism that underlie our longstanding exhaustion doctrine—then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)—require that constitutional claim, like others, to be first raised in state court. '[A] claim of ineffective assistance,' we said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' Carrier, supra, at 489, 106 S.Ct. 2639."

Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

Daley argues that his appellate counsel's failure to include his prosecutorial misconduct claim in his direct appeal to the New York Court of Appeals was a legally adequate cause for his procedural default because the omission was a "dereliction" of his appellate counsel's "duty to

11

represent" him.[5]  (See Def. Rep. Br. at 5.)  To the extent that this assertion represents a claim that

his appellate counsel was constitutionally ineffective, that claim is unexhausted.  See Edwards,

529 U.S. at 451-52.  The exclusive state court remedy to raise an ineffective assistance of

appellate counsel claim is the coram nobis petition.  Under New York State law, the writ of error

coram nobis provides a specific procedure for raising a claim of ineffective assistance of

appellate counsel that is filed in the Appellate Division following appeal.  See generally Taylor

v. Scully, 674 F.Supp. 462, 463 (S.D.N.Y.1987); People v. Vincent, 50 N.Y.2d 901, 904-5

(1980).  Indeed, the coram nobis petition is the only way to exhaust this type of claim for habeas

purposes.  See, e.g., Garcia v. Scully, 907 F.Supp. 700, 706-7 (S.D.N.Y.1995) ("The issue of

whether appellate counsel was ineffective ... must be presented to the Appellate Division.  The

only procedure in New York for doing so is an application for a writ of error coram nobis to the

Appellate Division department that confirmed the conviction.").  Because Daley has failed to

seek a writ of error coram nobis, he has not exhausted his claim of ineffective assistance of

appellate counsel.  Consequently, he cannot use this claim to avoid his procedural default.[6]

---

[5]    Both the record and Daley's own reply brief clearly indicate that omission of this claim from his appeal
was a tactical decision on the part of his appellate counsel, contradicting Daley's assertion that it was inadvertent.  In
Daley's words, "[a]ppellate counsel decided it a better course of action to abandon the prosecutorial misconduct
claim . . . and to pursue the more favorable claim of ineffective assistance of [trial] counsel, for failure to object to
the prosecutor's summation." (Def. Rep. Br. at 10.)  Consistent with this characterization, his application for leave
to appeal to the Court of Appeals includes a full argument of his ineffective assistance of trial counsel claim, but
refers in passing to the other arguments included in his brief to the Appellate Division (where the prosecutorial
misconduct claim appeared).  (See Def. App. Br.; Def. App. Div. Br.).  Under either characterization, his claim must
be evaluated under ineffective assistance of counsel standards.

[6]    Daley also argues that his appellate counsel's alleged inadvertence was an external impediment to
including the claim in his brief to the Court of Appeals, establishing cause for his procedural default within the
meaning of Carrier.  (Def. Rep. Br. at 4.)  Such inadvertence would not represent an external impediment.  See
Carrier, 477 U.S. at 488 (defining an external impediment as an "objective factor external to the defense [that]
impede[s] counsel's efforts to comply with the State's procedural rule").  Daley concedes that his appellate counsel
knew about the prosecutorial misconduct claim but voluntarily and intentionally omitted it from his appeal, contrary
to his assertion that an external impediment prevented its inclusion.  (Def. Rep. Br. at 5.)

12

Since he cannot demonstrate cause for the default and does not contend that failure to consider the claims will result in a fundamental miscarriage of justice, Daley's prosecutorial misconduct claim is barred from federal habeas review.[7]

## B.   Ineffective Assistance of Counsel

Daley argues next that he was deprived of his constitutional right to effective assistance of counsel. (See Pet. for Writ of Habeas Corpus at 4.) He asserts two independent bases for this claim: (1) defense counsel failed to object to allegedly improper remarks the prosecutor made during summation, and to move for a mistrial based on those remarks; and (2) defense counsel failed to advise Daley on whether to accept or reject plea offers presented prior to trial. (See id. at 4.) The court concludes that Daley's claim is not procedurally barred, but that the state court's adjudication of the claim on the merits was not contrary to, or an unreasonable application of, clearly established federal law.

### 1.   Procedural Bar

Daley first asserts that his defense counsel was ineffective for failing to object to, and move for a mistrial based on, allegedly improper remarks the prosecutor made during summation. (See Pet. for Writ of Habeas Corpus at 4.) Because the Appellate Division denied this claim without elaboration,[8] Daley, 50 A.D.3d at 1051, it may be assumed that the court

---

[7]      Three of the four remarks Daley challenges in his prosecutorial misconduct claim are subject to another, independent procedural bar: the Appellate Division explicitly rejected his challenge to these remarks as unpreserved. See Daley, 50 A.D.3d at 1051 (2008) ("The defendant's remaining claims of prosecutorial misconduct [based on the three remarks in question] are unpreserved for appellate review, since the defendant failed to object to the allegedly improper comments and failed to request curative instructions or move for a mistrial on the grounds now argued on appeal." ). Failure to contemporaneously object is an adequate and independent state ground for dismissal, and bars federal review. See Wainwright v. Sykes, 433 U.S. 72, 86 (1977); Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999). The fourth remark, "'Tell Jason Daley that what he did was wrong...[and] awful,'" was preserved for review, and was rejected by the Appellate Division on the merits. Daley, 50 A.D.3d at 1051. When viewed in light of the deferential standard that AEDPA requires, the trial court did not act unreasonably in concluding that any potential for prejudice was mitigated by the trial court's curative actions.

[8]      The claim was later exhausted after the Court of Appeals rejected his leave to appeal on September 10, 2008, also without discussion. See People v. Daley, 11 N.Y.3d 787.

13

decided the claim on the merits, and that its decision rested on federal grounds.[9]  See Parker v. Ercole, 666 F.3d 830, 834 (2d Cir. 2012) ("'[a]bsent a clear and express statement of reliance on a state procedural bar,' we presume that a cursory state court decision 'rest[s] on the merits of the federal claim.'" (quoting Jimenez v. Walker, 458 F.3d 130, 145 (2d Cir.2006))).  The claim is therefore reviewable in federal court under the deferential standard set forth in AEDPA.  See id.

Daley's other basis for his claim, that his counsel was ineffective for failing to advise him on whether to accept a plea offer (see Pet. for Writ of Habeas Corpus at 4), is also reviewable.  In its decision on Daley's motion to vacate judgment of conviction, The New York Supreme Court, Kings County denied this claim on the merits based on federal and state law.[10]  (See N.Y. Sup. Ct. Decision & Order of May 26, 2010 at 1.)  "[S]tate-court decisions that fairly appear either to rest primarily on federal law or to be interwoven with federal law" are reviewable in federal court under the AEDPA standard.  Jimenez, 458 F.3d at 138.

Neither claim is barred from federal review, so the court will proceed to the merits of each.

> 2.    Merits

Ineffective assistance of counsel claims are governed by the Supreme Court's holding in Strickland v. Washington, 466 U.S. 668 (1984).  See Williams, 529 U.S. at 390.  In Strickland, the Court established a two-prong test to determine whether a defendant's Sixth Amendment right to effective assistance of counsel is violated.

---

[9]      Respondent has also waived the right to argue that there is an adequate and independent state ground barring habeas review because that argument has not been raised in this habeas proceeding.  See Jimenez, 458 F.3d at 150, n. 17 (citing Trest v. Cain, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

[10]      The New York Supreme Court cites People v. Baldi as the basis for its decision.  See N.Y. Sup. Ct. Decision and Order of May 26, 2010 at 1; People v. Baldi, 54 N.Y.2d 137 ("The right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions.").  Daley later appealed this decision to the Appellate Division, which denied his appeal without discussion.  (See App. Div. Decision and Order of December 29, 2010 at 1.)  Respondent has also waived the right to argue that there is an adequate and independent state ground barring habeas review because that argument has not been raised in this habeas proceeding.  See Jimenez, 458 F.3d at 150, n. 17 (citing Trest v. Cain, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

First, under Strickland's "performance" prong, a petitioner must show that trial counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms." Strickland, 466 U.S. at 688. "Constitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 690). "Judicial scrutiny of counsel's performance must be highly deferential...the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (citations and internal quotation marks omitted). Thus, a court must "not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside," or if the lawyer otherwise had "a reasonable justification for the decision." Greiner, 417 F.3d at 319 (internal quotation marks omitted).

Second, under Strickland's "prejudice" prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693-94.

Establishing a claim for ineffective assistance of counsel is a "heavy burden" that, in the context of a § 2254 petition, is "enhanced by the added hurdle posed by the highly deferential review accorded state court adjudications under [AEDPA]." Eze v. Sendkowski, 321 F.3d 110, 112 (2d Cir. 2003); see also Harrington, 131 S. Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly

15

so." (internal quotation marks and citation omitted)). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly"; instead, the petitioner must show that the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 122 (2009).

As discussed above, Daley asserts two grounds for his ineffective assistance claim. He argues that counsel (1) failed to object to certain remarks the prosecutor made during summation at trial, and to move for a mistrial based on those remarks, and (2) failed to advise Daley on whether to accept or reject plea offers presented prior to trial. (<u>See</u> Pet. for Writ of Habeas Corpus at 4.) For the reasons that follow, neither assertion provides a basis for habeas relief.

> a. *Failure to Object to Prosecutor's Closing Remarks and Move for Mistrial*

Daley first asserts that his defense counsel was ineffective for failing to object to, and move for a mistrial based on, allegedly improper remarks the prosecutor made during summation. (<u>See</u> Pet. for Writ of Habeas Corpus at 4.) This claim is based on three remarks: (1) a remark implying that Daley's consent defense was fabricated (that he "[h]ad to say that it's consent" since DNA evidence linked him to the crime); (2) an explanation that the victim had vomited because "what happened to her...made her sick," in an alleged attempt to win the jury's sympathy, and (3) an argument of "facts not in evidence" when the prosecutor said that the victim had used a rag to wipe semen from her shirt, attempting to explain why stains on the

16

victim's shirt did not generate a DNA profile while DNA was found elsewhere on her clothing.[11] (Def. App. Div. Br. at 16-21.) Because the Appellate Division's tacit rejection of Daley's claim was not an unreasonable application of the <u>Strickland</u> standard, his claim fails.

First, Daley has not shown that his counsel's performance "was so deficient and counsel's errors were so serious that he or she was not functioning as 'counsel' guaranteed by the Sixth Amendment." <u>Gatto v. Hoke</u>, 809 F. Supp. 1030, 1038 (E.D.N.Y. 1992) <u>aff'd</u>, 986 F.2d 500 (2d Cir. 1992) (quoting <u>Cuevas v. Henderson</u>, 801 F.2d 586, 589 (2d Cir.1986).) Daley's defense counsel obtained a pre-trial <u>Wade</u> hearing, to determine whether Daley's identification in the lineup was tainted by unduly suggestive identification procedures (<u>see</u> <u>Wade</u> Hr'g. Tr. at 4.), and a favorable <u>Sandoval</u> ruling, precluding the prosecutor from cross-examining Daley about the underlying facts of a prior felony weapon possession conviction (<u>see</u> Trial Tr. at 9-11). His defense counsel also competently presented a plausible defense that the victim had pursued the defendant and consented to the encounter (<u>see</u> <u>id.</u>), and registered objections to other remarks the prosecutor made during summation (<u>see</u> <u>id.</u> at 421, 425). To the extent that the remarks to which counsel did not object were improper, the Appellate Division could reasonably have concluded that that counsel's decision not to object was a sound "tactical decision to avoid underscoring the prosecutor's statements so as to draw the jury's attention to them." <u>See</u> <u>Gatto</u>, 809 F. Supp. at 1039 (holding that petitioner had not satisfied the first prong of the <u>Strickland</u> test where his attorney allegedly "should have objected to a number of improper and inflammatory comments made by the prosecutor, including the prosecutor's: (1) accusation that petitioner was fabricating

---

[11] Defense counsel contemporaneously objected to a fourth remark, "[t]ell Jason Daley what he did was wrong, what he did was awful" (Def. App. Div. Br. at 16), so that remark is not among the bases for his ineffective assistance of counsel claim, though it is included in his prosecutorial misconduct claim discussed above in Part III.A.

a false defense; (2) appeals to the jury for sympathy; (3) comments on the witnesses veracity; and (4) arguing of facts not in evidence").

Second, Daley has not satisfied the "prejudice" prong of Strickland. It is a "rare case[ ]" in which even improper summation comments will be deemed "so numerous and, in combination, so prejudicial that a new trial is required." Floyd v. Meachum, 907 F.2d 347, 348 (2d Cir. 1990). The trial judge attempted to avert the effects of any potentially prejudicial remarks in summation by instructing the jurors in advance that "whatever the lawyers say in summations is not evidence," reminding the jury that "it is not [the attorneys'] memory or analysis of the evidence that controls, it is yours." (Trial Tr. at 377.) Moreover, in light of the evidence presented at trial, the Appellate Division could have determined that Daley had not established a reasonable probability that the result of the proceeding would have been different but for counsel's failure to object to three allegedly improper remarks in summation.

Because the Appellate Division's decision was not "contrary to," and did not involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," Daley's claim is denied.

### 2. *Failure to Advise on Plea Offer*

Daley next claims that his defense counsel was ineffective because counsel failed to advise Daley on whether to accept a plea agreement offered to him prior to trial. (See Pet. at 4.) Daley has not met his burden of rebutting the presumption that the state's factual findings are correct. Based on those factual findings, the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. Thus, Daley's claim must be denied.

18

As discussed above in Part II.C, under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). See Brown v. Artuz, 283 F.3d 492, 498 (2d Cir.2002).

In denying Daley's motion to vacate judgment based on this claim, the state court concluded that the facts in the record contradicted his assertion that his defense counsel had failed to advise him whether to accept the plea offer. (See N.Y. Sup. Ct. Decision & Order of May 26, 2010 (Ex. I to Resp't. Mem.) at 1-2.) "The claim . . . is contradicted by the record, which shows that counsel discussed the first plea offer with the defendant and that the defendant personally refused the offer made by [the trial judge] immediately prior to the trial." (Id.) In light of this finding, the court concluded that "[c]ounsel's conduct in this regard constituted meaningful representation." (Id.)

Daley concedes that his defense counsel discussed a plea offer with him, but argues that counsel did not provide advice specifically about whether he should accept the offer.[12] (See Pet. Reply at 24-28.) Though Daley's sworn statements in his reply brief serve as evidence in

---

[12]     Daley also argues that his defense counsel was ineffective because counsel communicated an inaccurate plea offer. (See Pet. Reply at 26.) This assertion is contradicted by the record and by Daley's own account, both of which show that the plea offer counsel communicated to Daley was modified by the court and the District Attorney after it had been communicated to Daley, not that counsel communicated the offer inaccurately. (See Pet. Reply at 26, 34; Trial Tr. at 7.)

support of this argument, they do not amount to clear and convincing evidence sufficient to rebut the presumption that the state's factual determination is correct.[13]

Although failure by counsel to offer any advice on whether to accept a plea bargain would fall below Strickland's objective standard of reasonableness, counsel can generally discharge his or her obligation by informing the defendant of (1) the strength of the case against him or her and (2) the possible sentence of incarceration that may be imposed after a guilty plea as compared to a guilty verdict. See Purdy v. United States, 208 F.3d 41, 45 (2d Cir.2000). The record contains sufficient evidence to support an inference that Daley's counsel had met this obligation by informing Daley of the possible sentence that could result from a guilty verdict, and informing Daley of the strength of his case. See id. at 45.

Daley acknowledges that he was aware of the initial details of the plea offer (an offer that was later modified by the court as noted in Part I.A): "an offer of 10 years," in which Daley expressed interest but told his counsel that he "would like to think it over further." (Def. C.P.L. § 440.10 Motion (Ex. F to Resp't. Mem.) at 20; Def. Rep. Br. at 30.) Daley's admission that he "thought over" the offer of 10 years supports an inference that, as a basis for weighing the decision, he knew what the sentence for a guilty verdict could be if chose to decline the offer.

Likewise, the record provides evidence that Daley's counsel advised him of the strength of his case. In a proceeding at which Daley was present, Daley's counsel said that he had "explained to [Daley] the good points and the bad points of his defense," adding, "[w]e have been having this discussion for over a year and a half. As to make up a defense, that is not my job." (Trial Tr. at 5.) Daley's comments at the same proceeding suggest it was clear to him that

---

[13] Daley's brief also includes correspondence regarding a motion for reassignment of counsel. (See Ex. C-T to Pet. Reply.) This correspondence serves as evidence that Daley was unsatisfied with the frequency of his conversations with counsel, but does not bear on the state's finding that counsel provided the requisite plea advice during the conversations they had.

his case was weak: "we don't have any defense up until this day right now and it's been almost a year and half," and "I asked [counsel] if we have a defense. He said he can only go by what I've been telling him." (Id. at 3-4.)

The record supports the state's conclusion that Daley's defense counsel provided at least the minimum advice required. Daley's statements do not contradict the facts on which these inferences may be based, nor do they amount to clear and convincing evidence sufficient to rebut the presumption that the state court's finding is correct. Because that finding implies that counsel's performance had not fallen "below an objective standard of reasonableness," the state court's denial of his claim was not an unreasonable application of the Strickland standard. Strickland, 466 U.S. at 688. Thus, Daley's claim must be denied.

## IV.    CONCLUSION

For the reasons set forth above, Daley's Petition for Writ of Habeas Corpus is DENIED. Because Daley has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      June **27**, 2012

NICHOLAS G. GARAUFIS
United States District Judge

21